UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>CURTIS T. HOLDEN,<br><br>　　Defendant. | No.  CR-11-2064-RHW<br><br>**ORDER ADDRESSING PRETRIAL MOTIONS** |

A pretrial conference was held in the above captioned matter on October 16, 2012 in Yakima, Washington. The Defendant was present and represented by Phillip Wetzel. Assistant United States Attorney Aine Ahmed appeared on behalf of the Government. Before the Court were the parties' pretrial motions including motions *in limine*, discovery motions, and motions to dismiss, *inter alia*. ECF Nos. 78, 100, 106, 117, 122, 125, and 128. After reviewing the submitted material and relevant authority, and hearing from counsel, the Court is fully informed. This order memorializes and supplements the Court's oral rulings.

At the hearing, the Court also reserved ruling on Defendant's two pending Motions to Dismiss, ECF Nos. 100, 128. For the reasons set forth below, those motions are denied.

**A.   Defendant's Motion to Dismiss Count 41**

In this motion, Defendant asks the Court to dismiss Count 41 for Violation of the Statute of Limitations. ECF No. 100. The Defendant argues that Count 41 should now be dismissed because the Second Superseding Indictment: (1) re-

**ORDER ADDRESSING PRETRIAL MOTIONS** * 1

alleges offenses previously dismissed by the Court in violation of the statute of limitations, and (2) substantially alters and broadens the language of the original Indictment, such that it does not relate back to the original Indictment and the limitations period is not tolled. *Id.*

The Government argues the doctrine of continuing offenses is applicable, as the Garden Village counts were part of an ongoing and continuing scheme to defraud health care benefit programs that commenced on July 1, 2004, and continued through August 10, 2010. The Government contends the last of the Garden Village claims were paid in February of 2007, within the five year statute.[1] Finally, the Government asserts that revised Count 41 does not broaden the crimes charged, but instead consolidates the charged behavior (multiple executions of the scheme) into one count – to which the Defendant has been aware of since the filing of the original Indictment. *See* Govt.'s Resp., ECF No. 109.

1. **Background**

In Revised Count 41, the Government consolidated 16 counts from the prior Superseding Indictment, 15 of which were previously dismissed by the Court *without prejudice*.[2] (emphasis added). The Government now charges Count 41 in the Second Superseding Indictment as a single count. The Government asserts this involves a continuing course of conduct that started on the same date of service as alleged in the first two Indictments (January 6, 2006), and ended as a group of claims on the date of the last payment received – February 27, 2007. Count 41 of the Second Superseding Indictment reads:

///

---

[1] The original Indictment was filed on April 21, 2011. ECF No. 1.

[2] The Court did **not** dismiss Count 42 of the Superseding Indictment, as to patient "L.B." This Count was found to be within the limitations period, as payment for the claim was not received until February of 2007. *See* ECF No. 61 at 4.

**ORDER ADDRESSING PRETRIAL MOTIONS** * 2

> That on or about the date of service of January 6, 2006 and continuing through the date of the last payment of claims submitted for that date of service on February 27, 2007, in the Eastern District of Washington, **CURTIS T. HOLDEN**, dba ADVANCED PODIATRY, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to obtain . . . money owned by and under the custody of Medicare . . . by submitting or causing to be submitted claims for payment from Medicare which falsely represented the service of an "Evaluation and Management" office visit for patients seen at Garden Village . . . when, in fact, an Evaluation and Management visit was not the service provided, all in violation of 18 U.S.C. § 1347(2).

Second Superseding Indictment, ECF No. 68 at 12 ¶ 33.

### 2. Authority and Analysis

Defendant cites *United States v. Hickey*, in support of his argument that the statute of limitations is not tolled where a superseding indictment "broadens or substantially amends a charge in the original indictment." 580 F.3d 922, 929-30 (9th Cir. 2009). In *Hickey*, the government superseded an intervening indictment that had omitted charges from the original, and then re-alleged them in a third superseding indictment. *Id.* at 929. The *Hickey* court held that the central focus in determining whether tolling of the statute of limitations after an indictment is superseded, and the original indictment is pending, hinges on fair notice to the defendant. *Id.* Defendant argues the distinguishing factor here is the counts in his case were actually dismissed by this Court's Order. *See* Order Granting Def.'s Mot. to Dismiss, ECF No. 61. He further argues that the Second Superseding Indictment uses the word "patients" and extends the time period from one day to over a year.[3]

---

[3] The Superseding Indictment differs from the Second Superseding Indictment as it referenced a date of service of January 6, 2006, but did not include a payment end date. The prior indictment alleged Defendant defrauded Medicare "by submitting or causing to be submitted 17 separate claims for payment from Medicare" and

**ORDER ADDRESSING PRETRIAL MOTIONS \* 3**

As stated above, the Court dismissed 15 of the 16 Garden Village Counts without prejudice, finding that Count 42 of the Superseding Indictment survived the limitations period. *Id.* Here, Defendant is on notice that revised Count 41 does not broaden the crimes charged and relates back to the same set of facts as the previous indictments, corresponding only to the period January 6, 2006 – February 27, 2007. ECF No. 68 at 12.

Further, as this Court noted in its prior Order, "[h]ad the Government lumped all the Garden Village billings together and charged them as a single count, perhaps it would qualify as a continuing offense and satisfy the statute of limitations." ECF No. 61 at 5 (citing *United States v. King*, 200 F.3d 1207, 1213 (9th Cir. 1999). That is the exact scenario before the Court today, and the Superseding Indictment adequately gives Defendant notice of the charges, as the execution of the scheme did not extend past the limitations period. *See also United States v. Hickman*, 331 F.3d 439, 447-48 n.8 (5th Cir. 2003) (citing *United States v. Nash*, 115 F.3d 1431, 1441 (9th Cir. 1994).

Therefore, the Court finds that like the defendant in *Hickey*, Mr. Holden had adequate notice of the charges and potential counts against him. 580 F.3d at 929. Revised Count 41 of the Second Superseding Indictment did not substantially broaden or amend the original indictment. Because not all of the Counts were previously dismissed, the original Indictment remains pending and the statute is tolled. *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990). The Court agrees with the Government, that execution of the scheme was complete by February 27, 2007, within the critical period. Accordingly, Defendant's Motion to Dismiss Count 41 is denied.

///

---

does not expose Defendant to any additional liability. *See* Superseding Indictment, ECF No. 20 at 12 ¶ 33.

**ORDER ADDRESSING PRETRIAL MOTIONS** * 4

B. **Defendant's Motion to Dismiss Counts: 1-6, 7-10, 11-13, 14-40, and 41**

Defendant moves the Court to dismiss Counts 1-41, related to Health Care Fraud, 18 U.S.C. § 1347. Defendant now argues all counts relating to § 1347 should be dismissed because the Second Superseding Indictment "substantially and materially" broadened the charges against him. ECF No. 128. As in Defendant's Motion to Dismiss Count 41, ECF No. 100, disposition of this issue turns on whether the original Indictment tolled the statute of limitations with respect to the Superseding Indictment.

Defendant argues the Grand Jury returned a Second Superseding Indictment on June 19, 2012. As such, the five year statute of limitations began to run on June 19, 2007. Defendant contends that Counts 1-41, allege offenses (payments received and processed) that occurred prior to this date. Defendant claims the Second Superseding Indictment completely altered the Government's theory of the case. His rationale is that instead of facing 16 Counts arising from January 6, 2006, as charged in the Original and Superseding Indictments, he now faces "an unlimited number of claims" related to a scheme which continued from January 6, 2006 through February 27, 2007. ECF No. 129 at 3.

The Government argues Count 41 represents a single continuous scheme to defraud the Garden Village Nursing facility that began on January 6, 2006, and was not complete until at least February 27, 2007 – the date Defendant received final payment. Govt.'s Resp., ECF No. 133. The Government reasserts that Defendant was engaged in a continuing offense. *Id.* It contends the crime of health care fraud is complete upon the execution of a scheme, and each execution may be charged separately. *See United States v. Hickman,* 331 F.3d 439 (5th Cir. 2003); *citing United States v. Lemons*, 941 F.2d 309, 317 (5th Cir.1991); *United States v. De La Mata*, 266 F.3d 1275, 1287 (11th Cir.2001). Further, the Government argues that while each submission of a false claim is a different execution, it may bundle

**ORDER ADDRESSING PRETRIAL MOTIONS** * 5


different executions within one count and need not charge each execution separately. *United States v. King*, 200 F.3d 1207, 1212-1213 (9th Cir. 1999). Thus, because the execution of the scheme was not complete until February 27, 2007, Count 41 falls within the limitations period.

Finally, the Government contends that Counts 1-40 of the Second Superseding Indictment are identical to the previous Indictments and did not substantially amend the original charges. Therefore, Defendant was on notice as to the charges, and the Second Superseding Indictment did not violate the statute of limitations.

### 1. Authority and Analysis

The central inquiry in any statute of limitations analysis is notice to the defendant. *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990). Where the allegation and charges are "substantially the same in the old and new indictments," there is a presumption the defendant is on notice of the charges against him, and the limitations period tolled, as the original indictment remains pending. *Id.* Thus, whether or not a superseding indictment broadens the offense, turns on whether the Defendant "knows that he will be called to account for certain activities and [can] prepare a defense." *Id.*

Defendant relies on *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001). In *Ratcliff*, the Eleventh Circuit reversed the district court's denial of a motion to dismiss and vacated a judgment against a defendant convicted of drug smuggling activities. *Id.* at 1255. In that case, the initial indictment alleged incidents that occurred from late 1992 through April 1993 (a period of six to seven months). However, a jury ultimately convicted Ratcliff by a superseding indictment that charged conspiracies dating back to the 1980's (a period of thirteen years). *Id.* at 1250. The court held that the charges contained in the superseding indictment "materially broadened or substantially amended" the conspiracy charges against

**ORDER ADDRESSING PRETRIAL MOTIONS** * 6

Ratcliff, finding "[t]his is not a case in which the superseding indictment contains slightly more detail in terms of overt acts." *Id.* at 1254 (internal citation omitted).

The Court finds *Ratcliff* distinguishable from the instant case. Here, Defendant is on notice of any and all potential claims and patients related to Count 41 of the Garden Village Counts. In fact, Defendant cannot claim he lacked notice of the charges against him, as the Government provided a WIC Data Request detailing all claims/patients which Drs. Lee, Holden, and Morton saw during this period. *See* Govt.'s Ex. C, ECF No. 57-3; *see also* Transcript of Motion Hearing, ECF No. 63 at 17 (noting that Exhibit C "shows all of the claims for this particular group during that time period"). Thus, unlike the Defendant in *Ratcliff*, Dr. Holden has been placed on notice of the charges against him allowing him to adequately prepare a defense.

In sum, the Superseding Indictment did not "substantially or materially" broaden the charges against the Defendant. As such, the original Indictment tolled the limitations period on April 21, 2011, and Counts 1-41 allege offenses of which the defendant was adequately on notice and is able to prepare a defense. All executions of the scheme to defraud, Counts 1-41 of the Superseding Indictment, are within the limitations period. Defendant's Motion to Dismiss Counts1-6, 7-10, 11-13, 14-40, and 41 is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Defendant's Motion to Dismiss Count 41 for Violation of the Statute of Limitations, ECF No. 100, is **DENIED.**

2. The Defendant's Motion to Dismiss Counts 1-6, 7-10, 11-13, 14-40, and 41, ECF No. 128, is **DENIED**.

3. Defendant's Motion in Limine Pursuant to FRE 404(b), FRE 702 and the Confrontation Clause, ECF No. 78, and Second Amended Motion in Limine Pursuant FRE 404(b), FRE 702 and the Confrontation Clause, ECF No. 106, are

**ORDER ADDRESSING PRETRIAL MOTIONS** * 7

**DENIED** as moot, with leave to renew, as the Government does not intend on offering Exhibits 68-70, or 73-75 in its case-in-chief. If the Government wishes to present rebuttal evidence based on these exhibits, it must make an offer of proof, outside the presence of the jury at trial. In addition, Government's Exhibit 77 may not be introduced until further foundation is developed, outside the presence of the jury.

4. The Court reserves ruling on Defendant's Second Motion in Limine, ECF No. 117. The Court finds that Government's Attachment A, ECF No. 127-1, is tentatively not admissible, subject to what develops at trial. The Court notes that the probative value is likely outweighed by its prejudice. The Court will revisit this issue at trial and the Government may lay further foundation, outside the presence of the jury. The Court also reserves ruling on the remainder of Defendant's Motion, until further development of the evidence at trial.

5. The Government's Motion in Limine, ECF No. 125, is **GRANTED**. The Defendant may not inquire into Dr. Morton's workplace experience with employees that relates to improper sexual activity.

6. The Government's Motion to conduct a video deposition of a witness scheduled for surgery during the trial, ECF No. 73, is **GRANTED**.

7. The Defendant's Motion for Discovery, ECF No. 122, is **GRANTED**, in part. The Government shall continue to make all disclosures required by Rule 16, *Brady*, *Giglio*, and the Jencks Act. The Remainder of the Motion is denied with leave to renew.

///
///
///
///
///

**ORDER ADDRESSING PRETRIAL MOTIONS** * 8

1    8. The parties are directed to **FILE** their Joint Proposed Jury Instructions on
2    or before **November 19, 2012**.

3    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
4    Order and forward copies to counsel.

5    **DATED** this 6th day of November, 2012.

              *s/Robert H. Whaley*
              ROBERT H. WHALEY
              Senior United States District Judge

**ORDER ADDRESSING PRETRIAL MOTIONS** \* 9

q:\rhw\acriminal\2011\holden\order_pretrial_mot.docx